Granger v. Griffin.

---

RODNEY GRANGER

V.

JAMES F. GRIFFIN AND WALTER T. DWIGHT.

*Agency—Commissions—Recovery of—Sale of Real Estate.*

In an action brought by real estate brokers to recover a sum alleged to be due as commission, this court declines, in view of the evidence, to interfere with the judgment for the plaintiffs.

[Opinion filed December 7, 1891.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. BEACH & BEACH, for appellant.

Mr. G. W. STANFORD, for appellees.

GARY, J. The appellees sued the appellant in an assump sit for commissions as real estate brokers, and recovered. Only questions of fact are in the case. A jury was waived, and no propositions of law were presented. As usual there is a conflict in the testimony of the witnesses, but the written evidence corroborates the testimony, on the fact, of the appellees.

It was proved that, through the agency of the appellees, a contract dated May 9, 1889, for a sale by the appellant to one Watts, was made, in writing, signed by appellant and Watts, and Watts made a deposit on it of $300. Then followed correspondence between these parties as follows:

"CHICAGO, May 22, 1889.

MESSRS. GRIFFIN & DWIGHT:

*Gents:*—We understand from conversation Mr. S. Granger had with Mr. Watts that he can not wait until we can get order from court to sell the property corner Monroe and Paulina Sts. As we do not wish to insist on contracts that have been made, unless satisfactory to him, you may return him his money, when he delivers the abstract to property, if you think it advisable. We shall proceed to have the property sold by court to get it in shape, so that we may have no trouble in future, and it will be for sale and prompt title given as soon as this can be done.

Please send bill for abstract, etc., to my office, and will mail check.

Yours truly, ·

RODNEY GRANGER.

For estate John Granger."

"CHICAGO, May 23d, 1889.

MR. RODNEY GRANGER:

*Dear Sir:*—In reply to your letter of the 22d inst., we inclose herein bill for money paid for abstract and inclose for commission on sale 2½ per cent. The understanding with Mr. S. S. Granger yesterday was that both of you were to call

here together to-day and arrange about another sale of the property. You can send us check by bearer for amount of bill as stated in your letter. We, of course, will be much pleased to render our services in finding another customer and closing another sale for you without further charges for commission in the matter.

Very truly yours,

Griffin & Dwight."

"Chicago, May 30, 1889.

Messrs. Griffin & Dwight,

Chicago.

*Gent'n:*—We will place the property, corner Monroe & Paulina Sts., in your hands for sale for the period ending Oct. 1, 1889, at $11,000. Should have any calls from other parties in regard to this property, will refer them to you.

Hoping that you may make sale by this time that will be mutually satisfactory to us both, I am,

Yours truly,

Rodney Granger."

The contract between appellant and Watts provided "$10,700 more to be paid on the delivery of a good and sufficient deed of conveyance within ten days. The seller herein further agrees to furnish a marketable abstract of title to the above described property. In case there are defects in this title, which can be perfected without unreasonable delay, the seller hereby agrees to remedy such defects at his own expense; but should the title to said property not prove good, then the said Watts' $300 earnest money will be refunded."

The conclusion of the court below that the appellees had once earned their commissions seems to be fully justified. The appellant, however, insists that they waived their claim for commissions on that sale, and would be entitled to them only if they should make, as they did not, a sale under the authority of the letter of May 30th. The letter of May 23d rebuts any inference of such waiver. The judgment is affirmed.

*Judgment affirmed.*